# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| **CHRISTOPHER M. SMITH**, Petitioner, v. **UNITED STATES OF AMERICA**, Respondent. | 4:13-cr-20548 <br><br> HON. TERRENCE G. BERG <br><br> **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner Christopher M. Smith pled guilty to wire fraud, aiding and abetting, in violation of 18 U.S.C. § 1343 and § 2. As a result, on December 6, 2013 this Court sentenced him to serve 41 months in prison. He was released upon completion of that sentence but subsequently pled guilty on two occasions to violating the conditions of his supervised release. He was then sentenced to an additional 8 months of incarceration for the first set of violations, and 18 months for the second set of violations. According to the Federal Bureau of Prisons inmate database, Petitioner was released from custody on March 15, 2019. Before his release, on February 5, 2018, Petitioner had filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. ECF No. 41. That motion will now be denied because Petitioner does not fit within the category of individuals who may seek relief under § 2255, and his claims,

which relate to the length of the prison terms he received for violating the conditions of his supervised release, are now moot.

## BACKGROUND

Petitioner was charged in connection with an elaborate wire fraud scheme in which he and his associates defrauded Home Depot stores by changing product price tags, scanning the altered products at a checkout, and then returning the products to a different Home Depot at their full, correct price in exchange for store credit. Petitioner pled guilty and was sentenced to 41 months in prison followed by a two-year period of supervised release. ECF No. 23 (Dec. 13, 2013 Judgment).

Following the completion of his sentence, Petitioner pled guilty to violating his supervised release on two occasions (March 2, 2017 and October 5, 2017). The March 2017 violations involved failure to make agreed-upon restitution payments and to refrain from excessive use of alcohol or possession of controlled substances or related paraphernalia. ECF No. 31 (First Judgment on Violation). Petitioner admitted to the violations and was sentenced to eight months imprisonment followed by one year of supervised release. ECF No. 31 (First Judgment on Violation).

Petitioner was returned to supervised release after serving his 8-month sentence and in October 2017 the Court found he had again violated his supervised release conditions. The October 2017 violations stemmed from unlawful use of a controlled substance and commission of another federal, state, or local crime. ECF No. 40 (Second Judgment on

Violation). In connection with this second set of violations, the Court sentenced Petitioner to 18 months of incarceration, with no subsequent period of supervised release. ECF No. 40 (Second Judgment on Violation).

In February 2018, while he was serving his 18-month prison term for the most recent supervised release violations, Petitioner filed a 28 U.S.C. § 2255 motion collaterally attacking his sentence. The claims set forth in that motion are two-fold: (1) that the prison terms imposed for Petitioner's repeated supervised release violations created an overall sentence greater than that permitted by the United States Sentencing Guidelines for his underlying conviction; and (2) defense counsel was ineffective in failing to challenge the sentences imposed for the supervised release violations, as Petitioner requested. ECF No. 41 PageID.139–40 (Pet.). Petitioner was released from federal prison on March 15, 2019 and is no longer subject to any form of supervised release.

## DISCUSSION

Section 2255 of Title 28 of the United States Code provides a basis for a prisoner serving a sentence imposed by a federal court to challenge that sentence "upon the ground that [it] was imposed in violation of the Constitution or laws of the United States . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excesses of the maximum authorized by law, or is otherwise subject to collateral attack." As relief, the prisoner may ask the court which imposed the sentence to correct, vacate, or set it aside. The law is clear that "§ 2255

claims that do not assert a constitutional or jurisdictional error are generally cognizable only if they involved 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Snider v. United States*, 908 F.3d 183, 189 (6th Cir. 2018) (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974) (internal quotation marks omitted)). This standard is met only in "exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." *Hill v. United States*, 368 U.S. 424, 428 (1962).

A federal prisoner filing a § 2255 motion must satisfy two requirements. First, "the petitioner must show that he meets the statutory definition of those who may seek § 2255 relief." *Pola v. United States*, 778 F.3d 525, 529 (6th Cir. 2015). And second, "the petitioner must demonstrate that he has standing to seek relief from the federal courts." *Id.* (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). To have standing, "throughout the litigation, the [petitioner] must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Spencer*, 523 U.S. at 7 (internal quotations and citation omitted). *See Pola*, 778 F.3d at 529 (applying *Spencer*, 523 U.S 1 in the context of adjudicating a § 2255 motion).

### A. Petitioner fails to meet the "in custody" requirement for § 2255 claims.

As a threshold matter, Petitioner has not shown that he fits within the statutory definition of individuals who may seek § 2255 relief. Specifically, Petitioner has not established that he should be considered "in custody" within the meaning of the statute. Generally, only individuals "in custody under sentence of a court established by Act of Congress" may petition their sentencing court to correct or invalidate a sentence imposed on them. 28 U.S.C. § 2255(a). A prisoner is usually considered to be "in custody" for § 2255 purposes "when he is incarcerated in either federal or state prison, provided that a federal court has sentenced him." *Ospina v. United States*, 386 F.3d 750 (6th Cir. 2004) (citing *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984)). The Sixth Circuit has also deemed defendants on supervised release to be "in custody" for § 2255 purposes. *United States v. Zack*, 173 F.3d 431, 1999 WL 96996, at *1 (6th Cir. Feb. 1, 1999).

Here, Petitioner was released from his challenged 18-month sentence on March 15, 2019 and is no longer serving any term of supervised release. The Sixth Circuit has acknowledged that a habeas petitioner who has been released may still satisfy the "in custody" requirement of § 2255 "provided he filed the motion while incarcerated and shows that he 'is suffering, and will continue to suffer, serious disabilities'—collateral consequences—as a result of the conviction."

*Pola*, 778 F.3d at 529–30 (quoting *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)). Critically, however, to trigger a court's consideration of collateral consequences of his or her conviction, a habeas petitioner must attack the conviction *itself*. *Kemna*, 523 U.S. at 7. As explained by the Sixth Circuit in *Hautzenroeder v. Dewine*, 887 F.3d 737, 740 (6th Cir. 2018), "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." (emphasis omitted) (quoting *Maleng v. Cook*, 490 U.S. 345, 351 (1973) (per curiam)). Though Petitioner was incarcerated at the time he filed his § 2255 motion, he has not challenged his underlying conviction of wire fraud or the Court's findings that he violated the conditions of his supervised release. Rather, his petition focuses only on the duration of the sentences imposed for his supervised release violations, and his attorney's decision not to file a notice of appeal. *See* ECF No. 41 (Pet.). Because Petitioner's sentence has expired and he is no longer on supervised release, the fact that he is not challenging any conviction means he cannot be considered "in custody" for § 2255 purposes. He therefore does not meet the statutory requirements to seek federal habeas relief under § 2255.

### B. Petitioner's claims are moot because they relate only to the duration of his sentence, which has now expired.

Petitioner has likewise failed to demonstrate standing to seek habeas relief from the federal courts. "Once a petitioner's sentence has expired, some concrete and continuing injury other than the now-ended incarceration or parole . . . must exist if the suit is to be maintained and not considered moot," namely a collateral consequence of the conviction. *United States v. Roberson*, No. 16-12370, 2018 WL 949857, *1 (E.D. Mich. Feb. 20, 2018) (citing *Kenma*, 523 U.S. at 7). Courts in this district have expressly held that where, as here, "a habeas petitioner chooses to attack only his or her sentence, and not the underlying conviction, and that sentence expires during the course of the habeas proceeding, the habeas petitioner's claim for relief is moot." *Brock v. White*, No. 2:09-CV-14005, 2011 WL 1565188, *2 (E.D. Mich. Apr. 25, 2011); *Roberson*, 2018 WL 949857 at *2. *See United States v. Buchannan*, Nos. 07-10094, 02-90030, 2008 WL 2008556, *2 (E.D. Mich. May 8, 2008) ("Because defendant challenges only his sentence, and not his underlying conviction or supervised released revocation, his release from that sentence renders his motion moot."). Where, as here, a petitioner's sentence has already run, and issuance of a writ of a writ of habeas corpus would therefore have no effect on his or her term of custody or any collateral consequence of conviction, there is no actual case or controversy for a federal court to adjudicate. *Brock*, 2011 WL 1565188 at *2; U.S. Const., Art. III, § 2.

Petitioner was released from prison on March 15, 2019 after completing his term of imprisonment and is no longer subject to any term of supervised release. Because Petitioner's § 2255 motion challenges only the length of the sentence imposed by this Court for his supervised release violations, and his attorney's decision not to appeal that sentence (and not the Court's underlying finding that he violated the terms of his supervised release or his wire fraud conviction), his claims are moot and this Court therefore lacks jurisdiction to adjudicate them. ECF No. 41 PageID.139 (Pet.).

**C. Mootness aside, Petitioner's claims lack merit.**

Though the Court declines to adjudicate Petitioner's claims on the merits because they are moot, a brief examination of his claims indicates he would not have been entitled to habeas relief even if there were a live case or controversy for this Court to decide.

A defendant convicted of a Class C felony may be sentenced to up to three years of supervised release. *United States v. Davis*, 187 F.3d 528, 531 (6th Cir. 1999); 18 U.S.C. § 3583(b). *See* 18 U.S.C. § 1343 (illustrating that wire fraud is a Class C felony). Under 18 U.S.C. § 3583(e)(3), if a court finds by a preponderance of the evidence that a defendant serving a term of supervised release violated a condition of that release, the court may revoke supervised release and "require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without

credit for time previously served on postrelease supervision." If the underlying conviction is a Class C felony, the defendant may not be required to serve more than two years in prison "on any such revocation." 18 U.S.C. § 3583(e)(3). Though it appears the Sixth Circuit has not addressed the precise question of whether this two-year limit on prison sentences for supervised release violations is an aggregate limit or applies anew to each revocation, all circuits that have considered the question have concluded that when Congress amended § 3583(e)(3) in 2003 to add the phrase "on any such revocation," it intended that, in determining the maximum-permissible sentence under that provision, each individual term of imprisonment for each supervised release violation would be counted separately—so that if a person had more than one prison sentence on separate supervised release violations, those separate terms should not be aggregated in determining whether the maximum term was reached or exceeded. *See United States v. Spencer*, 720 F.3d 363, 366–67 (D.C. Cir. 2013); *United States v. Hernandez*, 655 F.3d 1193, 1195 (10th Cir. 2011) (Gorsuch, J.); *United States v. Epstein*, 620 F.3d 76, 80 (2d Cir. 2010); *United States v. Knight*, 580 F.3d 933, 937–38 (9th Cir. 2009); *United States v. Lewis*, 519 F.3d 822, 825 (8th Cir. 2008). Accordingly, under the prevailing interpretation of § 3583(e)(3), Petitioner could have been sentenced to an additional two-year term of imprisonment for *each* supervised release revocation consistent with the federal appellate courts' prevailing interpretation of

§ 3583(e)(3). Accordingly, Petitioner's supervised release revocation sentences (8 months for the first revocation and 18 months for the second) are each well within the statutory maximum of two years.

Within the bounds of the statutory maximum provided by § 3583(e)(3), a district court's sentence of imprisonment upon revocation of supervised release need only "show[ ] consideration of the relevant statutory factors and . . . not [be] plainly unreasonable." *United States v. Lewis*, 498 F.3d 393, 397 (6th Cir. 2007) (quoting *United States v. Carr*, 421 F.3d 425, 429 (6th Cir. 2005)). *See* 18 U.S.C. § 3553 (outlining several factors to be considered by the Court in imposing a sentence for supervised release violations). Here, the Court considered the statutorily-mandated factors to impose two separate prison terms that, though above the Sentencing Guidelines, were not substantively unreasonable or inconsistent with the relevant statutory maximum. *See United States v. Skaggs*, 726 F. App'x 411, 414–17 (6th Cir. 2018). Petitioner appears primarily concerned with his 18-month sentence imposed after his second supervised release violation. In imposing that sentence, which was above the Guidelines range of 5 to 11 months of imprisonment, the Court cited concerns that it was Petitioner's second revocation and that "numerous chances were afforded Mr. Smith to comply with supervision to help him address his drug addiction." ECF No. 46-2 PageID.168–69 (Bryan Sherer Aff.).

Petitioner also asserted that defense counsel was ineffective in

10

ignoring his specific request to appeal the sentence imposed upon revocation of his supervised release. ECF No. 41 PageID.139. To succeed on a claim of ineffective assistance of counsel, a petitioner must successfully demonstrate both that: (1) counsel made "errors so serious" as to render it "deficient" under the Sixth Amendment; and (2) that the "deficient" performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). This test applies to claims of ineffective assistance of counsel stemming from failure to file a notice of appeal. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). When a defendant specifically requests an appeal, as petitioner alleges here, "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable," and the defendant "is entitled to appeal without showing that his appeal would likely have had merit." *Id*. Here, however, Petitioner has not presented evidence showing that he specifically asked his attorney to file an appeal. *See Watson v. United States*, 165 F.3d 486, 488 (citing *Brecht v. Abrahamson,* 507 U.S. 619, 637–638 (1993)). To the contrary, the affidavit provided by Petitioner's counsel indicates Petitioner explicitly instructed his attorney not to file an appeal. ECF No. 46-2 ("Mr. Smith specifically stated to me that he did not want to appeal his sentence. Neither during this conversation, nor at any other time, did Mr. Smith ask me to file a notice of appeal."). Moreover, Petitioner has presented no evidence that he was prejudiced by counsel's allegedly deficient

11

performance. As previously explained, the sentences imposed by the Court upon revocation of Petitioner's supervised release were within the bounds permitted under § 3583(e)(3) and supported by consideration of the relevant factors outlined in § 3553. Plaintiff's claims were therefore unlikely to succeed on its merits.

## CONCLUSION

For these reasons, the Court hereby **DENIES** Petitioner's motion seeking modification or vacatur of his sentence under 28 U.S.C. § 2255. It is further ordered that a certificate of appealability is **DENIED** because Petitioner has failed to make a substantial showing of the denial of a constitutional right as to his claims. *See* 28 U.S.C. § 2253(c)(2) (mandating that a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."). But if Petitioner chooses to appeal the Court's decision, he may proceed *in forma pauperis* on appeal because an appeal could be taken in good faith. 28 U.S.C. § 1915(a)(3).

**SO ORDERED.**

Dated: July 24, 2019    s/Terrence G. Berg
                        TERRENCE G. BERG
                        UNITED STATES DISTRICT JUDGE